CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JAN 26 2006

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| REGINA M. CHRISTMAS, ) | CASE NO. 3:05CV00027 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| ) | |
| JO ANNE B. BARNHART, Commissioner ) | By: B. Waugh Crigler |
| of Social Security, ) | U. S. Magistrate Judge |
| ) | |
| Defendant. ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's December 26, 2002 claim for a period of disability, disability insurance benefits and supplemental security income under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. For the reasons that follow, the undersigned will RECOMMEND that an order enter REVERSING the Commissioner's final decision, but REMANDING the case to the Commissioner for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge ("Law Judge") found that plaintiff, who was 41 years old with a GED and with past relevant work as a certified nurse's assistant (CNA), a private sitter, and a seamstress, had not engaged in substantial gainful activity since her alleged date of disability onset, November 28, 2002, was insured for benefits through the date of his June 25, 2004 decision. (R. 21, 24-25.) The Law Judge further found that plaintiff has Ehlers-Danlos syndrome ("EDS") and a leg length discrepancy which he considered severe impairments, though not

severe enough to meet or equal any listed impairment. (R. 25, 26.) The Law Judge was of the view that plaintiff's allegations concerning the limitations imposed by her impairments were "not totally credible," and that she retained the residual functional capacity to perform sedentary work. (*Id.*) Citing the plaintiff's age, the Law Judge did not make any specific findings with respect to the nature of plaintiff's past relevant work or whether she could perform that work and, instead, proceeded to the final level of the sequential evaluation. (R. 25.)[1] Solely by application of the Medical-Vocational Guidelines ("grids"), the Law Judge concluded that gainful sedentary employment was available to plaintiff, and that she was not disabled under the Act. (R. 26.)

Plaintiff appealed the Law Judge's decision to the Appeals Council. While the case was on administrative appeal, plaintiff submitted additional medical evidence along with information about EDS for the stated purpose of demonstrating consistency in the medical evidence and plaintiff's testimony as well as the inconsistency between the limitations produced by EDS and the substantial gainful activity ("SGA") determined by the Law Judge. (R. 167-178.) The Council found no basis in the record or in the reasons the plaintiff advanced on appeal to review the Law Judge's decision. (R. 8-10.) Accordingly, it denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

Plaintiff raises several issues. First, she contends that the Law Judge's decision rested upon an inaccurate statement of medical fact relating to her EDS being the cause of her subjective complaints. Second, she offers that the Law Judge failed to follow the

---

[1] A vocational expert ("VE") testified that plaintiff's past relevant work as a CNA and a private sitter were semi-skilled medium work and that her work as a seamstress supervisor was semi-skilled light work. (R. 198.) According to the VE, plaintiff had no skills transferable to sedentary work. (*Id.*)

2

Commissioner's regulations in dismissing the opinions of her treating primary care physician and geneticist regarding the functional effects of her genetic disorder without stating substantial reasons for doing so. Third, she argues the Law Judge's finding that she can perform a full range of sedentary work does not reflect all the functional limitations established by the substantial evidence. Finally, plaintiff contends the Law Judge improperly relied exclusively on the grids to discharge her burden at step five of the sequential evaluation, notwithstanding the presence of non-exertional limitations produced by her malady.

In support of her first contention, plaintiff challenges the Law Judge's finding that her EDS was "not responsible for" her symptoms. (R. 25.) Plaintiff believes that the relationship between her EDS and her symptoms lies at the heart of her claim, but that the Law Judge essentially cut that heart out with his finding. Plaintiff offers that the Law Judge acknowledged the authoritative nature of the evidence provided by Thaddeus Kelly, M.D. but, nevertheless, misconstrued Dr. Kelly's March 3, 2003 report of an examination as to the connection between her EDS and her alleged disabling symptoms. (R. 111.) Even if the Law Judge's take on that evidence is plausible, plaintiff believes that Kelly's August 2, 2004 note submitted to the Appeals Council makes clear the connection between her EDS and her symptoms. (R. 169.)

In addition, plaintiff points to the evidence submitted by Steven Lommatzsch, M.D., one of plaintiff's primary care physicians at the University of Virginia which revealed that her medical condition could cause significant pain and could require her to rest for an unpredictable and/or lengthy period of time during the day and limit her ability to stand and walk to between 0 to 2 hours in an 8 hour work day. (R. 147-149). Plaintiff asserts that the Law Judge discounted this functional assessment without providing reasons why it should not be given controlling

3

weight in light of the multiple interactions between plaintiff and this physician, contrary to what the regulations require. 20 C.F.R. § 1527(d).

In that connection, plaintiff does not believe that the functional assessment evidence offered by the state agency record examiners suffices to overcome the weight the treating source evidence was due. If nothing else, plaintiff believes the state agency assessment was not based upon a review of the complete medical data, including that which was submitted to the Appeals Council. Moreover, the opinions expressed in the state agency assessment rested, in large measure on her report of daily activities which merely showed an ability to care for herself, which plaintiff contends do not reflect an ability to function in a competitive work environment.

Finally, plaintiff takes the position that her EDS produces sufficient non-exertional limitations to preclude sole reliance on the grids to compel a conclusion that she is not disabled 20 C.F.R. § 404.1569, Appendix 2, §200.00(e); *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989). Since the only evidence adduced from the VE revealed that no jobs would be available to a person with the plaintiff's limitations, plaintiff believes she is entitled to an award of benefits on the vocational evidence adduced at the hearing. (R. 198.)

The Commissioner, on the other hand, offers that the Law Judge properly assessed the medical evidence and accorded weight to that evidence in a manner consistent with her regulations. She believes that plaintiff's symptoms are not substantiated by Dr. Kelly or by any objective diagnostic or laboratory findings. *Craig v. Chater*, 76 F.3d 585, 594-95 (4th Cir. 1996). The Commissioner also believes that the Law Judge's finding that there was no connection between plaintiff's symptoms and her EDS sufficient to corroborate her assertion of disabling pain is substantiated in the medical record because that finding is nothing more than the result of

4

his resolving conflicts in the evidence.

Furthermore, the Commissioner does not believe that the functional assessment Dr. Lommatzsch provided is entitled to controlling weight because it was not well-supported by objective evidence or any documented history of treating the plaintiff, and the physician was not identified as a specialist. Moreover, the Commissioner takes the position that Dr. Kelly had limited interaction with the plaintiff which would entitle his evidence to no special consideration. To the extent these sources may be given special consideration, the Commissioner offers that their views about plaintiff's limitations conflict, and the Law Judge was entitled to resolve that conflict as he did. Moreover, the Commissioner asserts that the Law Judge could rely on the evidence submitted by state agency consultants and, given an absence of objective medical evidence and the conflict in the treating source evidence, that state agency evidence is substantial and supports the ultimate decision to deny benefits.

Finally, the Commissioner takes the position that the Law Judge was not required to refer to vocational testimony in resolving the final sequential issue in this case. This is so because the Commissioner believes that the Law Judge properly resolved questions related to plaintiff's credibility and her functional capacity which, in turn, had the effect of rejecting any notion that plaintiff suffered any non-exertional limitations, including the need to lie down periodically during the workday. In all, the Commissioner believes the record provides ample support for the Law Judge's decision.

The undersigned is of the view that the evidence offered by the plaintiff on administrative appeal, which was laconically dismissed as relevant by the Appeals Council, was both new and material to an outcome here if for no other reason than it bore on the question of a connection

5

between plaintiff's EDS and her testimony concerning the severity of her symptoms.[2] Moreover, this evidence could impact the ultimate resolution of any conflicts which the Law Judge perceived to have existed between or among the treating sources, especially that pertaining to plaintiff's functional capacity. In other words, good cause has been shown to remand the case for further proceedings so that the Commissioner will have an opportunity to make findings which can be received on judicial review. 20 C.F.R. § 404.970; *Wilkins v. Secretary,* 953 F.2d 93, 95 (4th Cir. 1991); *Riley v. Apfel,* 88 F. Supp. 2d 572 (W.D.Va 2000).

Of equal, if not greater, significance to the undersigned is the question of whether the Law Judge's application of the grids to compel a finding that plaintiff was not disabled in light of what the record seems now to demonstrate was appropriate. After all, it is axiomatic that their use is precluded as a dispositve vocational source where a claimant suffers non-exertional limitations. 20 C.F.R. §§ 404.1569 and 416.969, Appendix 2, § 200.00(e). If there remain questions to resolve in the evidence about either the limitations produced by plaintiff's EDS or her residual functional capacity, or both, then the testimony of a VE very well may be necessary to assist in the determination of whether jobs are available to plaintiff. In that connection, it will be important for the VE to know such things as the degree and duration of plaintiff's pain, the nature of rest she requires, postural limitations, and the like. Only with the requisite level of specificity, can the VE make a meaningful or even a relevant assessment relating to whether jobs are available to a person with plaintiff's maladies and their effects. *Hall v. Harris,* 658 F.2d 260 (4th Cir. 1981); *McClain v. Schweiker,* 715 F.2d 866 (4th Cir. 1983); *Coffman v. Bowen,* 829 F.2d 514

---

[2]Evidence is "new" within the meaning of the regulations if it is not duplicative or cumulative, and evidence is "material" if there is a reasonable possibility that the new evidence would have changed the Commissioner's decision. *Wilkins v. Secretary,* 953 F.2d 93, 96 (4th Cir. 1991); *Borders v. Heckler,* 777 F.2d 954, 956 (4th Cir. 1985).

6

(4th Cir. 1987); *Walker v. Bowen,* 889 F.2d 47 (4th Cir. 1989).

Therefore, the undersigned will RECOMMEND that an order enter REVERSING the Commissioner's final decision denying plaintiff's benefits, but REMANDING the case to the Commissioner for further proceedings. The order of remand should provide that in the event the Commissioner is unable to grant benefit on the current record, she forthwith is to recommit the case to a Law Judge to conduct supplemental evidentiary proceedings in which both sides may introduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ 
U.S. Magistrate Judge

1-26-06
Date