CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
FEB 22 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| REGINA M. CHRISTMAS, *Plaintiff,* v. JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, *Defendant.* | CIVIL ACTION NO. 3:05-CV-00027 MEMORANDUM OPINION JUDGE NORMAN K. MOON |

The Court referred the above-captioned action to the United States Magistrate Judge for proposed findings of fact and a recommended disposition. The matter is presently before the Court on the Commissioner of Social Security's objections to the January 26, 2006 Report and Recommendation of the presiding Magistrate Judge. The Magistrate Judge recommended that the Court reverse the final decision of the Commissioner, grant Plaintiff's Motion for Summary Judgment, and remand to the Commissioner for further proceedings. For the reasons set forth below, the Magistrate Judge's Report and Recommendation shall be adopted, the Commissioner's objections shall be overruled, and the case shall be remanded to the Commissioner for further proceedings.

## I. BACKGROUND

On December 26, 2002, Plaintiff Regina M. Christmas ("Christmas") applied for Disability Insurance Benefits and Supplemental Security Income payments under Titles II and

XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383f (2005). Plaintiff is 41 years old, and previously worked as a certified nurse's assistant, a private sitter, and a seamstress. She has a GED. She claims that she became disabled on November 28, 2002 as a result of a genetic disorder called Ehlers-Danlos syndrome and a leg length discrepancy. The Social Security Administration denied her claim, both initially and on reconsideration. R. 29–30.

Plaintiff requested a hearing from an administrative law judge ("ALJ") on August 13, 2003. The ALJ issued a decision on June 25, 2004, denying benefits. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability; that Plaintiff suffers from a leg length discrepancy and Ehlers-Danlos syndrome, which constitute a severe impairment; but that Plaintiff's allegations were not totally credible, and that she had the residual functional capacity for sedentary work. R. 25–26.

Christmas appealed the case to the Appeals Council and submitted additional evidence. The Appeals Council denied review and adopted the ALJ's opinion as a final decision of the Commissioner. R. 8–10.

Plaintiff then appealed the case to this Court. The presiding Magistrate Judge recommended that the Commissioner's final decision be reversed and remanded for further proceedings. Defendant filed timely objections on February 2, 2006, and Plaintiff filed a response to those objections on February 12, 2006.

## II. ANALYSIS

### A. STANDARD OF REVIEW

This Court reviews *de novo* those portions of the Magistrate Judge's Report and Recommendations to which objections were made. *See* 28 U.S.C.A. § 636(b)(1) (2005). When

examining the findings of the Commissioner, however, the scope of judicial review is much narrower: the Court must uphold those findings which are supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

**B. REASONING**

**I.**

The Commissioner first objects to the Magistrate's finding that the new evidence presented to the Appeals Council warranted a remand. The new evidence which Plaintiff presented to the Appeals Council consists of her doctor's signed statement concerning Christmas's symptoms, and some general information on Ehlers-Danlos syndrome. The Commissioner first claims that Dr. Kelly's statement does not relate to the period on or before the ALJ's decision, as required by 20 C.F.R. § 404.970 (2005). However, this Court finds that although the statement was signed after the ALJ's decision, it appears to relate to Plaintiff's condition on or before the time of the decision.

Second, the Commissioner argues that the doctor's statement does not render the ALJ's decision contrary to the weight of the evidence. *See id.* (requiring that the Appeals Council find that the ALJ's decision was contrary to the weight of the evidence prior to review). The doctor's statement is as follows:

> "I am Ms. Christmas' medical geneticist. Due to her Ehlers-Danlos syndrome and resultant degenerative arthritis, she experiences significant knee, hip, and low back pain upon prolonged standing/walking and upon prolonged sitting with her

feet on the floor. In order to help control these symptoms, she must recline for periods frequently throughout the day." Pl.'s Mem. Appx. A.

In his opinion, the ALJ found that Plaintiff's statements regarding her impairment were not credible because "the claimant does not have impairments that would reasonably be expected to produce some of the symptoms and limitations which she alleges... Dr. Kelly's report is the best and most authoritative document of record regarding this condition and Dr. Kelley [sic] indicated that this syndrome was not responsible for claimant's subjective complaints of pain, fatigue, etc." R. 25.

Because the ALJ interpreted Dr. Kelly's previous report as stating that Plaintiff's syndrome did not cause her complaints, the statement that Christmas submitted to the Appeals Council is both new and material. *See Wilkins v. Secretary, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc). Furthermore, the Court finds that Dr. Kelly's signed statement renders the ALJ's decision contrary to the weight of the evidence, when the medical records also suggested that Plaintiff's symptoms were due to her syndrome and her leg length discrepancy. *See, e.g.*, R. 111, 133. There is little or nothing in the record to imply that Plaintiff's allegations are not credible, and that she is not suffering the symptoms that she alleges. Thus, the Commissioner's objection is overruled.

**II.**

Second, the Commissioner argues that the Magistrate Judge wrongly concluded that the ALJ's reliance on the Medical-Vocational guidelines was improper. Once Plaintiff has shown that she has an impairment that prevents her from doing her past work, the Secretary has the burden of showing that there are jobs in the economy which Plaintiff could perform. Such a



Case 3:05-cv-00027-NKM-BWC Document 18 Filed 02/22/06 Page 4 of 6 Pageid#: 108

showing can be made by a proper reference to the Media-Vocational guidelines. *Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987). The Media-Vocational guidelines are "tables that indicate the proper disability determinations for various combinations of age, education, and previous work experience in conjunction with the individual's residual functional capacity, *i.e.*, his maximum capacity for sustained performance of the physical and mental requirements of the job." *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The ALJ may not rely solely upon the guidelines when a claimant suffers from both exertional and non-exertional impairments. *Coffman*, 829 F.2d at 518. Non-exertional impairments include "difficulty functioning because you are anxious, nervous, or depressed;... difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching." 20 C.F.R. 404.1569a(c) (2005).

Although the ALJ found that Plaintiff did not suffer an impairment from depression, Ehlers-Danlos syndrome may limit her ability to stoop, climb, balance, crouch, kneel, crawl, and reach in any direction. *See* R. 148 (physical limitations assessment stating that Plaintiff may never kneel or crawl, and only occasionally reach in all directions). When the ALJ used the grids, he failed to take these non-exertional impairments into account. Therefore, the ALJ's reliance on the grids was improper, and the Commissioner's second objection is overruled.

## III. CONCLUSION

Accordingly, the Court will adopt the Magistrate's Report and Recommendations and overrule the objections of the Commissioner. The Commissioner's final decision will be remanded to the Commissioner for further proceedings. An appropriate order shall issue this day.

ENTERED: [signature]
United States District Judge

2/22/06
Date